United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>TAIWAN SUMIDA ELECTRONICS, INC., a Taiwan corporation,<br><br>          Defendant.<br>_____/<br>TAIWAN SUMIDA ELECTRONICS, INC., a Taiwan corporation,<br><br>          Counterclaimant,<br><br>     v.<br><br>MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>          Counterclaim Defendant.<br>_____/ | No. C 05-3522 CW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

     Defendant and Counterclaimant Taiwan Sumida Electronics, Inc. (Sumida) moves for partial judgment on the pleadings.  Plaintiff and Counterclaim Defendant Monolithic Power Systems, Inc. (MPS)

opposes the motion. The matter was heard on May 26, 2006. Having considered all of the papers filed by the parties and oral argument on the motion, the Court denies Sumida's motion.

## BACKGROUND

On December 25, 2002, MPS and Sumida entered into a written indemnification agreement. The agreement is governed by California law. It provides:

> 2. MPS and SUMIDA agree that MPS has the right to defend or at its option to settle, and MPS agrees, at its own expense, to defend or at its option to settle any claim, suit or proceeding brought against SUMIDA alleging infringement of any patent owned by O2 Micro International Limited or O2 Micro, Inc. (collectively, "Action") for the sale of any Product or any combination including a Product wherein such infringement would not occur but for such Product being a part of such combination, subject to the limitations hereinafter set forth. MPS shall have sole control of any such Action or settlement negotiations, and MPS agrees to pay any and all expenses, losses, damages, demands, liabilities and expenses (including attorneys' fees and court costs), and final judgment entered against SUMIDA, or settlement amount agreed to by MPS, in any such Action, subject to the limitations hereinafter set forth.
>
> 3. SUMIDA agrees to notify MPS promptly in writing of such Action, gives MPS authority to proceed as contemplated above, and gives MPS proper and full information and assistance to defend and/or settle any such Action.

On January 26, 2003, O2 Micro International, Ltd. (O2 Micro) filed a complaint in the United States District Court for the Eastern District of Texas, alleging patent infringement by Sumida. Pursuant to the indemnification agreement, MPS defended Sumida in the Texas action.

While MPS was defending Sumida in Texas, MPS was also engaged in litigation with O2 Micro before this Court. The Northern

2

California District litigation[1] revolved around use of a MPS integrated circuit in combination with Sumida's transformer.  Also at issue was whether MPS misappropriated O2 Micro's trade secrets. On July 18, 2005, after an eleven-day trial, the jury ruled against MPS in the Northern California action.

Trial was set in the Texas action for September 19, 2005.  On August 30, 2005, MPS terminated its indemnification agreement with Sumida.  According to MPS, Sumida materially breached the agreement by failing to provide full information and assistance, as section 3 of the agreement required.  Specifically, MPS alleges that, in order to defend itself in the Northern California action and to defend Sumida in the Texas action, it requested information and assistance from Sumida on numerous occasions.  Despite the fact that the information and assistance requested as to both the Northern California and Texas actions were directly relevant to the Texas action, Sumida failed to provide all the requested information and assistance.  MPS contends that the verdict against it in the Northern California action was caused, at least in part, by Sumida's failure to provide the requested assistance and information.  O2 Micro has sought to use the verdict and evidence from the Northern California action against Sumida in the Texas action.  MPS alleges that Sumida's failure to provide the requested information and assistance deprived MPS of its right to control the Texas action and deprived it of benefits expected under the

---

[1] Although the Northern California District litigation consisted of two cases, because those cases were consolidated for trial, the Court refers to the litigation as the Northern California action.  See C 00-4071 CW and C 01-3995 CW.

3

indemnification agreement.

After terminating the indemnification agreement, MPS sued Sumida for breach of contract and breach of the covenant of good faith and fair dealing. Sumida has countersued, claiming that, under the indemnification agreement, its duty to provide MPS with "full information and assistance to defend and/or settle" did not extend to information relevant only to the Northern California litigation between MPS and O2 Micro.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990). In considering a motion for judgment on the pleadings, the Court must accept the allegations of the non-moving party as true; the allegations of the moving party which have been denied are assumed to be false. Id.

## DISCUSSION

Sumida seeks judgment on the pleadings that its duty under the indemnification agreement to provide MPS with "full information and assistance to defend and/or settle" the Texas action did not extend to information relevant only to the litigation between MPS and O2 Micro in the Northern District of California. Sumida explains that

4

it is not arguing that it could not be obliged to provide information for use in the Texas action that might have also been useful in the Northern California action. Rather, it argues that it was not obliged under the agreement to provide testimony, evidence and information for use in the Northern California action, because the agreement only requires that it provide information and assistance to defend and/or settle "any such Action." The agreement defines an "Action" as "any claim, suit or proceeding brought against SUMIDA alleging infringement of any patent owned by O2 Micro." According to Sumida, the Northern California action is not an action within the scope of the agreement.

As noted above, California law governs any dispute under the indemnification agreement. In its moving papers, Sumida states that, under California law, the interpretation of contract language is a question of law and if the contractual language is clear, it governs. In re Bennett, 298 F.3d 1059, 1064 (9th Cir. 2002). However, in applying California law to contracts, courts often look at extrinsic evidence. California Code of Civil Procedure § 1856 provides that, even when a contract is integrated, the evidence of the circumstances under which the agreement was made, or evidence "to explain an extrinsic ambiguity or otherwise interpret the terms of the agreement," may be considered.

In Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc., 109 Cal. App. 4th 944 (2003), the court explained the "Controlling Principles of Contract Interpretation":

5

> The basic goal of contract interpretation is to give effect to the parties' mutual intent at the time of contracting. When a contract is reduced to writing, the parties' intention is determined from the writing alone, if possible. The words of a contract are to be understood in their ordinary and popular sense. Extrinsic evidence is admissible to prove a meaning to which the contract is reasonably susceptible. If the trial court decides, after receiving the extrinsic evidence, the language of the contract is reasonably susceptible to the interpretation urged, the evidence is admitted to aid in interpreting the contract. Thus, the test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible.

109 Cal. App. 4th at 955-56 (citations and quotation omitted).

The term "Action" is clearly defined in the agreement. But Sumida's obligation to give MPS "full information and assistance to defend and/or settle any such Action" is not clearly defined; rather, it is a broad obligation, the scope of which is not specifically constrained and is disputed by the parties. To determine the scope of the agreement and the meaning of the term "full information and assistance to defend and/or settle any such Action," extrinsic evidence is admissible. Because extrinsic evidence cannot be considered on a motion for judgment on the pleadings, the motion cannot be granted. Sumida fails to establish clearly on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court DENIES Sumida's motion

6

1  for partial judgment on the pleadings (Docket No. 22).[2]

2      IT IS SO ORDERED.

4  Dated: 6/2/06

                                      CLAUDIA WILKEN
                                      United States District Judge

---

[2] Sumida's Request for Judicial Notice (Docket No. 25) is GRANTED.

7