1  LATHAM & WATKINS LLP
       Mark A. Flagel (Bar No. 110635)
2      Robert Steinberg (Bar No. 126407)
       John D. Minton (Bar No. 223823)
3  140 Scott Drive
   Menlo Park, CA 94025
4  Telephone:  (650) 328-4600
   Facsimile:  (650) 463-2600
5  Email:  mark.flagel@lw.com

6  Attorneys for Plaintiff and Counterclaim Defendant
   MONOLITHIC POWER SYSTEMS, INC.
7
   SQUIRE, SANDERS & DEMPSEY L.L.P.
8      Nathan Lane, III (Bar No. 50961)
       Joseph A. Meckes (Bar No. 190279)
9  One Maritime Plaza, Suite 300
   San Francisco, CA 94111
10 Telephone:  (415) 954-0200
   Facsimile:  (415) 393-9887
11 Email:  nlane@ssd.com

12 Attorneys for Defendant and Counterclaimant
   TAIWAN SUMIDA ELECTRONICS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TAIWAN SUMIDA ELECTRONICS, INC., a Taiwan corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.  C 05-3522 CW<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING:**<br><br>1) **CLARIFICATION OF THE COURT'S JUNE 25, 2007 ORDER;**<br><br>2) **MOTIONS FOR RECONSIDERATION;**<br><br>3) **DISMISSAL OF REMAINING CLAIM WITHOUT PREJUDICE AND TAKING TRIAL OFF CALENDAR;**<br><br>4) **SETTLEMENT DISCUSSIONS**<br><br>Date:       n/a<br>Courtroom:  2<br>Judge:      Hon. Claudia Wilken |

**STIPULATION**

WHEREAS,

1. The Court issued an Order Granting in Part and Denying in Part Sumida's Motion for Summary Judgment and MPS's Cross-Motion for Summary Adjudication on June 25, 2007 ("Order");

2. The parties seek (and agree to) clarification with respect to certain aspects of the Order;

3. The Order indicates that Plaintiff and Counterclaim Defendant Monolithic Power Systems, Inc. ("MPS") is "to pay or otherwise satisfy any final judgment, including interest and costs, entered against Sumida in the Texas action;"[1]

4. MPS seeks clarification that the Order obligates MPS to satisfy such a judgment only if, as and when the appeal of the Texas action is decided and the mandate of the Court of Appeals for the Federal Circuit has issued in Appeal No. 2006-1411 and the judgment of the Court of Appeals requires payment of money by Taiwan Sumida Electronics, Inc. ("TSE"). Defendant and Counterclaimant TSE agrees this is and should be the intended meaning of the Order;

5. The Order indicates that "Sumida is barred, as a matter of law, from recovering its alleged business losses";[2]

6. TSE seeks clarification that this ruling relates solely to that portion of TSE's alleged business losses as to which MPS moved for summary adjudication, namely the $1,184,840 that constituted alleged lost profits and that, under the Order, TSE is entitled to recover from MPS the sum of $430,039 ($398,841 for non-moving stock plus $31,198 for the certification fee paid to Samsung) as set forth in Attachment 3 to Exhibit A of the Declaration of Christopher L. Fern, CPA, submitted by TSE in support of its summary judgment motion. MPS agrees this is and should be the intended meaning of the Order.

7. The parties have discussed the possibility of filing motions for reconsideration

---

[1] Order, 22:10-12.
[2] Order, 20:5-6.

with respect to the Order but have agreed that such motions should be held in abeyance pending the parties' settlement discussions and that they should suffer no prejudice as a result;

8. The Order disposes of all claims except for TSE's counterclaim for breach of the covenant of good faith and fair dealing. Because this claim sought no relief beyond that sought on TSE's breach of contract claim, on which the Court granted TSE summary judgment, the parties agree that TSE's counterclaim for breach of the covenant of good faith and fair dealing shall be dismissed without prejudice to TSE's right to its revival if the summary judgment Order is reversed in any relevant respect, and that the trial of this action should therefore be taken off calendar;

9. Pursuant to the Order, the parties have inquired as to Judge Infante's availability for a mediation, but learned that he is unavailable for such a mediation until September 2007;

10. The parties have agreed to meet in good faith to attempt to settle this action and will do so through counsel during the week of July 9, 2007 and, if necessary, through a meeting to include client representatives on or before July 18, 2007, and this will satisfy the Court's direction that the parties schedule a further session with Judge Infante;

11. The parties will advise the Court, no later than August 10, 2007, whether the case has settled, and if it has not settled, the parties will also, no later than August 10, 2007, (a) file any requests for leave to file motions for reconsideration, together with any such motions, (b) file a stipulation agreeing to the amount of fees and expenses chargeable to MPS under the terms of the summary judgment Order or, if no agreement can be reached, file a submission setting forth their respective positions; and

12. Nothing in this Stipulation and Order shall prejudice or compromise the parties' rights in connection with any motion for reconsideration or in connection with any appeal should the parties be unable to resolve the matter through settlement.

NOW, THEREFORE,

The parties hereby STIPULATE that:

(1) Subject to both parties' rights of appeal, the language "to pay or otherwise satisfy any final judgment, including interest and costs, entered against Sumida in the Texas action" in the

1  Order means that MPS is obligated to satisfy such a judgment only if, as and when the appeal of
2  the Texas action is decided and the mandate of the Court of Appeals for the Federal Circuit has
3  issued in Appeal No. 2006-1411 and the judgment of the Court of Appeals requires payment of
4  money by Sumida.  This clarification shall not in any way affect or diminish the reference in the
5  Order to MPS's "continuing obligation under the indemnification agreement 'to pay all
6  expenses, losses, damages, liabilities and expenses' in the Texas action";[3]

   (2)  Subject to both parties' rights of appeal, the term "business losses" in the Order's holding that "Sumida is barred, as a matter of law, from recovering its alleged business losses," refers solely to the $1,184,840 that TSE alleged as lost profits, and TSE is entitled, under the Order, to recover from MPS the sum of $430,039 for non-moving stock and the Samsung certification fee;

   (3)  The parties shall not be obligated to seek to file motions for reconsideration at this time and shall suffer no prejudice as a result;

   (4)  TSE's counterclaim for breach of the covenant of good faith and fair dealing shall be dismissed without prejudice to TSE's right to its revival if the summary judgment Order is reversed in any relevant respect and no equitable or legal defense shall bar such revival;

   (5)  The trial of this action, scheduled to begin August 13, 2007, shall be taken off calendar and all pretrial compliance dates (including the pre-trial conference date of August 7, 2007) shall be vacated;

   (6)  The parties will meet in good faith to attempt to settle this action and will do so through counsel during the week of July 9, 2007 and, if necessary, through a meeting to include client representatives on or before July 18, 2007, and this will satisfy the Court's direction that the parties schedule a further session with Judge Infante;

   (7)  The parties will advise the Court, no later than August 10, 2007, whether the case has settled, and if it has not settled, the parties will also, no later than August 10, 2007, (a) file any requests for leave to file motions for reconsideration, together with any such motions, (b) file a stipulation agreeing to the amount of fees and expenses chargeable to MPS under the terms of

---

[3]  Order, 22:7-10.

1 | the summary judgment Order or, if no agreement can be reached, file a submission setting forth
2 | their respective positions; and
3 |     (8) Nothing in this Stipulation and Order shall prejudice or compromise the parties'
4 | rights in connection with any motion for reconsideration or in connection with any appeal should
5 | the parties be unable to resolve the matter through settlement.

Dated: June 29, 2007                                    Respectfully submitted,

                                                      LATHAM & WATKINS LLP

                                                      By: _____/s/_____
                                                             Mark A. Flagel

Attorneys for Plaintiff and Counterclaim Defendant MONOLITHIC POWER SYSTEMS, INC.

Dated: June 29, 2007                                    Respectfully submitted,

                                                      SQUIRE, SANDERS & DEMPSEY L.L.P.

                                                      By: _____/s/_____
                                                           Joseph A. Meckes

Attorneys for Defendant and Counterclaimant TAIWAN SUMIDA ELECTRONICS, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.   A FURTHER CASE MANAGEMENT CONFERENCE WILL BE HELD ON SEPTEMBER 18, 2007, AT 2:00 PM.

Dated: _7/12/07_____                            _____/s/ Claudia Wilken_____
                                                                          Claudia Wilken
                                                                         United States District Judge